# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1532

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Richard C. Harrison, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 20, 2010
Filed: September 24, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard C. Harrison appeals the 60-year sentence the district court[1] imposed following his guilty plea to child pornography charges. Counsel has filed a motion to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in imposing a two-level Guidelines enhancement for obstruction of justice and in denying a two-level reduction for acceptance of responsibility, and that Harrison's sentence is unreasonable.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We hold that the district court properly applied the enhancement for obstruction of justice, see U.S.S.G. § 3C1.1 & comment. (n.4(a)) (increase offense level by 2 levels if defendant willfully obstructed or impeded, or attempted to obstruct or impede, administration of justice with respect to investigation, prosecution, or sentencing of instant offense of conviction, and obstructive conduct related to defendant's offense of conviction and any relevant conduct; examples include committing, suborning, or attempting to suborn perjury, including during course of civil proceeding if such perjury pertains to conduct that forms basis of offense of conviction), and properly denied Harrison a reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, comment. (n.4) (conduct resulting in obstruction-of-justice enhancement ordinarily indicates that defendant has not accepted responsibility for his criminal conduct); see also United States v. Thomas, 989 F.2d 277, 277 (8th Cir. 1993) (denying credit for acceptance of responsibility where defendant continued criminal activity while out on bond). We further conclude that Harrison's sentence is not unreasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (assuming sentencing decision is procedurally sound, appellate court considers substantive reasonableness of sentence under abuse-of-discretion standard); see also United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (sentence was not unreasonable where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors), cert. denied, 130 S. Ct. 1309 (2010).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, counsel's motion to withdraw is granted, and the judgment is affirmed.

_____